IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-606-FL

| | | |
|---|---|---|
| ANNAMARIE RIETHMILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNNAMED DEFENDANTS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon the memorandum and recommendation ("M&R") of Magistrate Judge Brian S. Meyers, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaint upon review under 28 U.S.C. § 1915(e)(2)(B). (DE 10). Plaintiff filed objections to the M&R. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R, and dismisses plaintiff's complaint.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The magistrate judge recommends dismissal of plaintiff's action on multiple grounds, including lack of standing, failure to state a claim, and failure to prosecute.  Upon de novo review of the M&R, the record in this case, and plaintiff's objections, the court adopts the M&R.  Plaintiff lacks standing to assert her claims based upon the 2020 elections, because she has failed to allege a personal injury traceable to any defendants.  Allen v. Wright, 468 U.S. 737, 751 (1984). Dismissal also is warranted for failure to state a claim and for failure to prosecute, where plaintiff does not identify defendants as directed in the court's November 20, 2020, order. (DE 4).

The court writes separately to augment the analysis of the M&R with respect to plaintiff's claims regarding conduct in Manatee County, Florida, further emphasized in plaintiff's objections. (See, e.g., DE 13 at 4-5).  Plaintiff, as a "party losing in state court[,] is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 198 (4th Cir. 2000).  In addition, lack of personal jurisdiction over potential defendants in Florida is demonstrated from the face of plaintiff's allegations.  See Young v. New Haven Advoc., 315 F.3d 256, 261 (4th Cir. 2002).

In sum, based on the foregoing, the court ADOPTS the M&R, (DE 10) and overrules plaintiff's objections (DE 13). Plaintiff's claims are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2).  The clerk is DIRECTED to close this case.

2

SO ORDERED, this the 20th day of October, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge